MONTIEL, Judge,
dissenting in part and concurring in part.
Although I concur with the majority’s holding in part I of the opinion, I respectfully dissent from the holding in part II of the opinion. Rule 18.4(c), A.R.Crim.P., provides:
“The court shall permit the parties or their attorneys to conduct a reasonable examination of prospective jurors. The *245 court also may conduct an examination of prospective jurors, and the court, in its discretion, may direct that the examination of one or more prospective jurors be separate and apart from the other prospective jurors.”
The majority holds that Rule 18.4(c), A.R.Crim.P., requires that the trial judge allow a party to question the jurors directly. This is not the interpretation that I derive from a reading of the rule. In his commentary of Rule 18.4(c), Justice Maddox states, “Even though Rule 18.4[c] is not identical in language to Rule 47(a), of the Alabama Rules of Civil Procedure, the spirit of the two Rules is the same, and cases construing the provisions Rule 47(a) are helpful in determining the rights of the parties.” H. Maddox, Rules of Criminal Procedure, p. 544. Rule 47(a), A.R.Civ.P., provides: “The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the Court shall permit the parties or their attorneys to supplement the examination as may be proper.” In interpreting Rule 47, A.R.Civ.P., the Alabama Supreme Court, quoting this court, held:'
“ ‘[Tjhere can be little doubt as to the law that has prevailed for many years in Alabama to the effect that in the process of selecting the jury from the venire afforded, each party has the right to have questions formulated by it propounded to the jury, whether by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or. interest or bias on the part of prospective jurors.’ ”
Alabama Power Co. v. Bonner, 459 So.2d 827, 833 (Ala.1984). My interpretation of these two rules is that the trial judge may ask all of the questions during voir dire or may allow the parties to ask the questions. If the trial judge questions the prospective jurors, he must allow both parties the opportunity to submit additional questions, which the trial judge can ask or which he can allow the parties to ask. This interpretation is supported by a statement made by Justice Maddox in Rules of Criminal Procedure (1990):
“The procedures used in voir dire can vary from court to court and from judge to judge. Some judges prefer to do much of the voir dire themselves requiring counsel to submit questions to them; others ask the preliminary questions ■touching the grounds of challenge for cause and allow the prosecution and defense counsel to ask the questions.”
Therefore, I believe that the majority opinion is wrong in holding that Rule 18.-4(c) requires the trial judge to allow the parties to ask voir dire questions directly. The submission of written questions to the trial judge, which he shall then ask is certainly sufficient. For these reasons, I respectfully dissent.